IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPLICATION FOR RELEASE OF
PRIVATE PROPERTY ADMIRALTY
VESSEL "AARON D. HUNTER,"

                                                ORDER

                                          04-CR-0079-C-01


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,

AARON D. HUNTER,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On August 24, 2007, defendant Aaron D. Hunter-El filed a document titled "Application for Release of Private Property Admiralty Vessel." Because the subject matter in the filing concerned the legality of Hunter's custody, I concluded that I could entertain it only if it were construed as a motion pursuant to 28 U.S.C. § 2255, attacking the sentence imposed on defendant on May 9, 2006. Before so construing defendant's submission, the court gave defendant the opportunity to advise the court whether he wished to withdraw the

1

document and submit a motion labeled as a § 2255 motion sometime later or amend the document to assert all of the reasons why his conviction and sentence may have been imposed in violation of the Constitution or laws of the United States.

On September 13, 2007, defendant responded to the court's order, maintaining that he has "an absolute right to exercise American Jurisprudence in Suitor's home forum, which is an American Admiralty court" and further asking for my recusal from the case.   In his submission, Hunter-El made it explicit that he did not wish to have his application construed as a motion brought pursuant to 28 U.S.C. § 2255.  On September 14, 2007, I denied the request for recusal and dismissed his "Application for Release of Private Property Admiralty Vessel" because it did not raise a claim cognizable in this court.

Now Hunter-El has filed a notice of appeal of this court's September 14, 2007 order. Because the notice is not accompanied by the $455 fee for filing an appeal, I construe defendant's notice to include a request for leave to proceed in forma pauperis on appeal.

In determining whether defendant may appeal in forma pauperis, I must consider whether he is indigent and whether his appeal is taken in good faith.  Defendant has not submitted an affidavit of indigency or a trust fund account statement so that I can assess his financial ability to pay the fee.  Therefore, I could deny his request on that ground alone. Even if defendant had shown that he qualifies financially for indigent status, however, I would deny his request because  I am certifying that his appeal is not taken in good faith.

2

Defendant's "Application for Release of Private Property Admiralty Vessel" is legally frivolous. As I pointed out to defendant, calling oneself property does not make one property under admiralty law. An appeal from defendant's legally frivolous motion is necessarily in bad faith.

ORDER

IT IS ORDERED that defendant's request for leave to proceed in forma pauperis on appeal from this court's order of September 14, 2007 is DENIED. I certify that defendant's appeal is not taken in good faith.

Entered this 19th day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3